IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 22, 2012

## STATE OF TENNESSEE v. RICKY LEE BURRIS

**Appeal from the Circuit Court of Blount County**
**No. C-16529     David R. Duggan, Judge**

---

**No. E2012-00325-CCA-R3-CD - Filed August 23, 2012**

---

Ricky Lee Burris ("the Defendant") pled guilty to one count of promoting the manufacture of methamphetamine, a Class D felony. The trial court sentenced the Defendant as a Range II, multiple offender to six years in the Tennessee Department of Correction, suspended to supervised probation. After his second probation violation, the trial court revoked the Defendant's probation and ordered him to serve his sentence in confinement. The Defendant has appealed. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment
of the Circuit Court Affirmed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P. J., and ALAN E. GLENN, J., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal); and Mack Garner, District Public Defender, Maryville, Tennessee (at trial), for the appellant, Ricky Lee Burris.

Robert E. Cooper, Jr., Attorney General & Reporter; Andrew C. Coulam, Assistant Attorney General; Mike Flynn, District Attorney General; and Kenlyn Foster, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On September 24, 2007, the Defendant pled guilty to one count of promoting the manufacture of methamphetamine, a Class D felony. See Tenn. Code Ann. § 39-17-433(a), (e) (2006). The trial court sentenced the Defendant as a Range II, multiple offender to six years in the Tennessee Department of Correction, suspended to supervised probation. On April 21, 2008, the State filed a probation violation report on the basis of the Defendant's abandonment of his drug rehabilitation program. The Defendant waived his right to a hearing and, on May 19, 2008, the trial court entered an order revoking the Defendant's

probation with the proviso that he "may enter drug treatment and upon completion of treatment may return to intensive probation." On August 29, 2008, the trial court entered an order acknowledging that the Defendant had "successfully completed treatment" and ordering the Defendant to "report to intensive probation." Approximately two weeks later, the trial court ordered the Defendant transferred to regular probation, instead, because the Defendant lived in a county that did not offer intensive probation.

On November 10, 2011, the State filed another probation violation report indicating that the Defendant had violated the sex offender registry. At the subsequent hearing, the Defendant testified that he was forty-three years old, divorced, and had completed his GED. He was on the sex offender registry. He acknowledged that the instant hearing was for his second probation violation of the sentence he received in 2007. After his first violation, he completed a course of drug addiction treatment at CenterPointe. He then began living in Monroe County. He relapsed and reported to his probation officer, who placed him in a program at Welcome Home Ministries in Nashville. His probation supervision was transferred accordingly.

After about nine months with the Welcome Home Ministries program, the Defendant learned that his father had been diagnosed with a serious illness. The Defendant relapsed shortly thereafter and was dismissed from the program. He notified his probation officer. He was unable to find a place to stay in Nashville and returned to Monroe County. He failed to notify the sex offender registry of his return to Monroe County. He subsequently was arrested in Monroe County and charged with violating the sex offender registry. He pled guilty to the misdemeanor offense of attempting to violate the sex offender registry. The instant probation violation report followed.

The Defendant explained that he had problems with depression, for which he was prescribed an anti-depressant. He stated that he had been struggling with his addiction to methamphetamine since he was sixteen years old, and had "gone up to two and a half years sober and clean." He stated that, if he was again placed on probation, he had a sponsor and would be able to assist his father in running his father's trailer park. He had a place to live near his parents' property. He also had a therapist.

Defense counsel asked that the Defendant be placed on 90 to 180 days of split confinement and in the community corrections program. The trial court denied this request, finding that the Defendant had "engaged in a material violation of the terms of [his] probation, based upon [his] commission and . . . conviction of the offense of attempted violation of the sex offender registry." The trial court also found that this was the Defendant's second probation violation. The trial court further made a specific finding that the Defendant's testimony was not credible. Upon these findings, the trial court revoked the

Defendant's probation and ordered him to serve his sentence in the Tennessee Department of Correction, with credit for time served.

The Defendant now contends that the trial court abused its discretion in revoking his probation and ordering him to serve the remainder of his sentence in confinement. Based on our review of the record, we affirm the trial court's decision.

Tennessee Code Annotated section 40-35-311 provides that, in a probation revocation proceeding, the court "may enter judgment upon the question of the charges as the trial judge may deem right and proper under the evidence adduced before the trial judge." Tenn. Code Ann. § 40-35-311(d) (2010). Additionally,

> [i]f the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence, and:
>
> (A) Cause the defendant to commence the execution of the judgment as originally entered, or otherwise, in accordance with [section] 40-35-310; or
>
> (B) Resentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration authorized by chapter 36 of this title; provided, that the violation of probation and suspension is a technical one and *does not involve the commission of a new offense.*

Id. § 40-35-311(e)(1) (emphasis added); see also State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999).

Thus, in revocation proceedings, the State need prove that the defendant violated the terms of his or her probation only by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(e)(1); see also State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005). Moreover, on appeal, we will not disturb the trial court's decision to revoke probation absent an abuse of discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001); see also State v. Reams, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Thus, we will grant relief only when "'the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved.'" Shaffer, 45 S.W.3d at 555 (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

Here, the trial court did not abuse its discretion. As the Defendant acknowledged and the trial court found, the instant proceeding was in response to the Defendant's second probation violation. This second violation involved another criminal conviction, a clear

violation of the terms of the Defendant's probation. Accordingly, contrary to the Defendant's request, community corrections was not available to him. See Tenn. Code Ann. § 40-35-311(e)(1)(B). Additionally, although he was not prosecuted for them, the Defendant's "relapses" to illegal drug use were also violations of his probation. Therefore, the trial court appropriately concluded that the Defendant's probation should be revoked and that he should be required to serve his sentence in the Tennessee Department of Correction. Accordingly, we affirm the trial court's decision to revoke the Defendant's probation and to require him to serve his original sentence, with credit for time previously served.

_____
JEFFREY S. BIVINS, JUDGE